UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON F. BEASON,<br><br>        Petitioner,<br><br>v.<br><br>DANNY SAMUEL, Warden,<br><br>        Respondent. | Case No.: 21cv2052-GPC(RBB)<br><br>**ORDER DENYING REQUEST FOR STAY AND ABEYANCE ORDER AS MOOT [ECF NO. 2];**<br><br>**ORDER REQUIRING RESPONSE TO FIRST AMENDED PETITION (28 U.S.C. § 2254)** |

On December 8, 2021, Marlon F. Beason, a state prisoner proceeding through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Respondent Danny Samuel, Warden [ECF No. 1]. Petitioner simultaneously filed a Request for Stay and Abeyance Order [ECF No. 2]. For the reasons set forth herein, the Court **DENIES** the Request for Stay and Abeyance Order as **MOOT** and issues an Order Requiring Response to Petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted of robbery (count one). (Pet. 6, ECF No. 1.) The trial court found allegations regarding priors to be true. (Id.) Beason pleaded guilty to possession of two different firearms by a person previously convicted of a felony (counts two and three) and possession of ammunition by a person prohibited from possessing a

firearm (count four).  (Id.)  The court imposed a three strikes sentence of twenty-five years to life on the robbery count; two years, doubled to four, because of the strike prior on count two; concurrent terms of two years for counts three and four; two years for two prison priors; and ten years for two serious felony priors.  (Id.)  The total term imposed was twenty-five years to life plus sixteen years, which was later amended to twenty-five years to life.  (Id. at 6-7.)

Petitioner appealed.  The California Court of Appeal affirmed in part and remanded in part for sentencing on July 1, 2020.  (Id. at 40-58.)  Petitioner filed a petition for review with the California Supreme Court; the petition was summarily denied on September 9, 2020.  (Id. at 39.)  Petitioner then filed a state habeas corpus petition in San Diego Superior Court on August 20, 2021, with new evidence allegedly proving his innocence.  (Id. at 6, 60.)  The petition was summarily denied.  (Id.)  Petitioner then filed a habeas corpus petition in the California Court of Appeal; the petition was denied on November 2, 2021.  (Id. at 59-65.)  He next filed a Petition for Review in the California Supreme Court on November 9, 2021.  (Id. at 7.)

Petitioner filed his federal petition on December 8, 2021.  (Id. at 1.)  At the time he filed the federal petition, his Petition for Review remained pending before the California Supreme Court.  (Id. at 7.)  On the same date that the filed his federal petition, Petitioner filed a separate Request for Stay and Abeyance Order, asking the Court to stay his federal petition and hold the proceedings in abeyance to permit him to exhaust a claim of ineffective assistance of trial counsel under the "stay and abey" procedure set forth in Rhines v. Weber, 544 U.S. 269 (2005).  (Req. Stay 1-2, ECF No. 2.)  The Court issued an Order Setting Briefing Schedule on Motion for Stay and Abeyance on December 9, 2021, requiring Respondent to file a response by January 31, 2022, and Petitioner to file a reply by February 14, 2022 [ECF No. 3].

On January 14, 2022, Beason filed a first amended federal habeas corpus petition, in which he indicated that his Petition for Review had been denied by the California Supreme Court on December 15, 2021.  (First Am. Pet. 7, 66, ECF No. 5.)  On January

28, 2022, Respondent filed a Response to Motion for Stay and Abeyance, in which he argued that in light of the California Supreme Court's denial of Petitioner's Petition for Review on December 15, 2021, the motion to stay and abey should be denied as moot. (Resp. 1-2, ECF No. 6.)  Petitioner did not file a reply.

## II.     LEGAL STANDARDS

A federal court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised.  See 28 U.S.C.A. § 2254(b)(1)(A) (West 2006); Picard v. Connor, 404 U.S. 270, 275 (1982). Generally, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it," or "demonstrate[] that no state remedy remains available."  Johnson v. Zemon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).  Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations and claims not exhausted and presented to the federal court within the one-year period are forfeited.  28 U.S.C.A. § 2244(d)(1) (West 2006); Dixon v. Baker, 847 F.3d 714, 719 (9th Cir. 2017).  A district court may not consider a "mixed" federal habeas petition containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509, 522 (1982).

Under Rhines, a district court has discretion to stay a mixed federal habeas petition while the petitioner returns to state court to exhaust any unexhausted claims without losing his right to federal habeas review due to the one-year statute of limitations. Rhines, 544 U.S. at 275-76.  Once the petitioner exhausts the state court remedies for all of his claims, the district court lifts the stay and allows the petitioner to proceed in federal court on all claims.  See id.  The "stay and abey" procedure is available only in "limited circumstances" when the following three conditions are met:  (1) the petitioner demonstrates "good cause" for failing to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in dilatory litigation tactics.  Id. at 277-78; see also Wooten v.

Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008). "When implemented, the Rhines exception eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court throughout." King, 564 F.3d at 1140.

### III.   DISCUSSION

#### A.   Magistrate Judge Authority

In habeas cases, magistrate judges may hear and determine nondispositive matters, but not dispositive matters. Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004). "[W]here the denial of a motion to stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter." Mitchell v. Valenzuela, 791 F.3d 1166, 1170 (9th Cir. 2015) (citing S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). "By contrast, a motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" Id. (citing CMKM Diamonds, 729 F.3d at 1260). Here, the denial of Petitioner's motion to stay as moot would not dispose of any claims or defenses or deny the ultimate relief sought by Petitioner. Accordingly, the motion to stay is nondispositive and this Court has the authority to decide it without the need for a report and recommendation to the district judge.

#### B.   Request to Stay and Abey is Moot

Based on Petitioner's First Amended Petition, he has now exhausted his ineffective assistance of counsel claim in state court. (First Am. Pet. 7, 59-66, ECF No. 5.) Respondent argues that Petitioner's request for a stay is therefore moot. (Resp. 1-2, ECF No. 6.) Petitioner had the opportunity to file a reply but did not do so. The Court agrees with Respondent that there is no longer a need for a stay under Rhines. Accordingly, Petitioner's Request for Stay and Abeyance Order is **DENIED AS MOOT**.

/ / /

/ / /

## IV.   ORDER REQUIRING RESPONSE TO PETITION

In accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT IS ORDERED** that:

1. If Respondent contends the First Amended Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the First Amended Petition, or that the First Amended Petition is barred by the statute of limitations, or that the First Amended Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **May 9, 2022**.  The motion to dismiss must not address the merits of Petitioner's claims, but rather must address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1]  At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention.  A hearing date is not required for the motion to dismiss.

2. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **June 8, 2022**.  At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

3. Unless the Court orders otherwise, Respondent is not to file a reply to Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the First Amended Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

4. If Respondent does not contend that the First Amended Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the First Amended Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **May 9, 2022**. At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments must be accompanied by a notice of lodgment which must be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent must not combine separate pleadings, orders, or other items into a combined lodgment entry. Each item must be numbered separately and sequentially.

5. Petitioner may file a traverse to matters raised in the answer no later than **June 8, 2022**. Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the First Amended Petition. Grounds for relief withheld until the traverse will not be considered. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

6. A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant a request only upon a showing of good cause. Any request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

7. Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

8. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to

1  the Court without a certificate of service will be returned to the submitting party and will
2  be disregarded by the Court.
3         **IT IS SO ORDERED**.

5  Dated: March 7, 2022

Hon. Ruben B. Brooks
United States Magistrate Judge